IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ELGIN JORDAN, No. B73385,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 13-cv-00918-JPG |
| | ) | |
| **VIENNA CORRECTIONAL CENTER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Elgin Jordan, an inmate in Vienna Correctional Center, brings this action for deprivations of his constitutional rights. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> >
> > (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. Conversely, a

complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

The complaint is problematic in several respects and must be dismissed under Section 1915A.  However, dismissal of the complaint will be without prejudice and with leave to amend to cure the pleading defects.

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 *and* the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680 (Doc. 1).  The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680, provides jurisdiction for suits against the United States regarding torts committed by federal officials, not state officials.  Therefore, any and all FTCA claims must be dismissed, <u>with</u> prejudice.

Vienna Correctional Center is the only named defendant.  The Vienna Correctional Center, which is a division of the Illinois Department of Corrections, is not a "person" within the meaning of the Civil Rights Act, and is not subject to a Section 1983 suit.  *See Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989).  Therefore, Defendant Vienna Correctional Center must be dismissed from the action, <u>with</u> prejudice.

Most problematic is that the complaint contains <u>no </u>claims whatsoever.  An administrative grievance is attached to the complaint pertaining to the living conditions at Vienna.  Although the allegations in the grievance could form the basis of an Eighth Amendment claim, Plaintiff, not the Court must pick and choose which issues to pursue.  Absent any allegations of individual involvement, the warden of the facility would appear to be the proper defendant to answer for

claims regarding the conditions of confinement.  *See Delaney v. DeTella*, 256 F.3d 679, 687 (7th Cir. 2001).

**IT IS THEREFORE ORDERED** that, for the reasons stated, the complaint is **DISMISSED** without prejudice and with leave to amend.  On or before **October 21, 2013**, Plaintiff shall file an amended complaint.  Any amended complaint will undergo preliminary review pursuant to 28 U.S.C. § 1915A.  Failure to file an amended complaint by the prescribed deadline will likely result in the dismissal of this action with prejudice, pursuant to Federal Rule of Civil Procedure 41(b).

Plaintiff's motion for pauper status (Doc. 2) will be addressed by separate order.  Plaintiff's obligation to pay the filing fee for this action was incurred at the time the complaint was filed, thus the filing fee of $400.00 ($350.00 if Plaintiff is granted pauper status) remains due and payable, regardless of whether an amended complaint is filed.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED: September 30, 2013

*s/J. Phil Gilbert*
United States District Judge